UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULES MGIMBI,<br>    A206-037-560,<br><br>    Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary<br>of the Department of Homeland Security,<br><br>and<br><br>KENNETH S. MADSEN, as Director,<br>USCIS Chicago Asylum Office,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Cause No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR MANDAMUS

COMES NOW Plaintiff Jules Mgimbi, by and through counsel, and in support of his claim for relief states as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to 8 U.S.C. § 1329, 28 U.S.C. § 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff by which statutes jurisdiction is conferred, and to compel Defendants to perform a duty Defendants owe to Plaintiff.

2. This action is brought to compel Defendants and those acting under them to rule upon the Application for Political Asylum (I-589) filed by Plaintiff (ZCH-13-000-24950, **Exhibit A**), which was on or about July 29, 2013. He was interviewed by Defendants in St. Louis on August 21, 2014. **Exhibit B**.

1

## PARTIES

3. Plaintiff Jules Mgimbi resides in St. Louis County, Missouri. Plaintiff is a person of good moral character and an upstanding member of the community. Plaintiff is the beneficiary of a pending Application for Political Asylum (Form I-589) filed by Plaintiff on July 29, 2013. **The application has been pending before the USCIS for more than eight (8) years since filing and more than seven (7) years since interview by USCIS.**

4. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security (DHS), with direct administrative and supervisory control of the United States Citizenship and Immigration Services (USCIS), a Federal Agency within the United States Department of Homeland Security, which is mandated under the law to supervise, implement, and enforce the Immigration and Nationality Act, including Applications for Political Asylum, the type of filing involved in this case, and is charged under the law (8 U.S.C. Section 1103) with administering the Immigration and Nationality Act (INA). Defendant Kenneth S. Madsen is the Director of the Chicago Asylum Office of USCIS and is charged under the law (8 U.S.C. Section 1103) with administrating the INA. The Chicago Asylum Office of USCIS has jurisdiction over St. Louis, and furthermore regularly conducts asylum interviews in the St. Louis Field Office, for adjudications of petitions from aliens residing in the greater St. Louis area. In fact, Mr. Mgimbi's interview was held in the St. Louis Field Office. Mr. Madsen's office has supervisory control of the application and has authority to adjudicate them. The Application for Political Asylum (Form I-589) was originally filed with the USCIS Nebraska Service Center (Receipt No. ZCH-13-000-24950) and transferred to the control of the Chicago

Asylum Office sometime after filing. Mr. Mgimbi was then interviewed by Defendants on August 21, 2014 at the St. Louis, MO field office of USCIS. The case remains pending.

## JURISDICTION

5.      This Court has jurisdiction over the present action under 28 U.S.C. Section 1331, Federal Question Jurisdiction (this action being one that arises under the Constitution and the laws of the United States, specifically the Immigration and Nationality Act (INA), Section 245, et seq. [8 U.S.C. Section 1255, et seq.], 5 U.S.C. Section 555 et seq., and the Fifth Amendment to the U.S. Constitution; 28 U.S.C. Section 1651, the All Writs Act, 28 U.S.C. 1346, the Federal Tort Claims Act, 28 U.S.C. Section 2201, the Declaratory Judgment Act; 5 U.S.C. Section 702, the Administrative Procedures Act; 28 U.S.C. Section 1361, regarding the action to compel an officer of the United States to perform his duty; and 8 U.S.C. Section 1329, the INA for jurisdiction of this court over actions arising under said Act.

## VENUE

6.      28 U.S.C. Section 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of authority, or any agency of the United States, the action may be brought in any judicial district in which the defendant in the action resides. Defendant USCIS is an agency which operates within the district, having a supervisory office in Chicago, IL which is under the direct authority of Defendant Madsen as Director. Defendant Madsen has authority in this capacity over the regular conduct of asylum office activities—principally regularly-scheduled interviews of

Missouri and Southern Illinois applicants—in and from the St. Louis Field Office of the USCIS, to which the Plaintiff's I-589 application was transferred and where his USCIS interview was conducted, and which considers cases filed by aliens residing in the Eastern District of Missouri.  Venue properly lies with the Eastern District of Missouri, United States District Court.

## PRELIMINARY STATEMENT

7. Plaintiff Jules Mgimbi filed, as provided by law, an Application for Political Asylum (Form I-589) on or about July 29, 2013.  Defendants have engaged in unlawful conduct.  Defendants have refused to adjudicate Plaintiff's Application without regard to when it was filed.  A reasonable processing time for like applications is between eight to twelve months.  However, Plaintiff's application has been held without adjudication for over *eight years* without justification.

## FACTUAL ALLEGATIONS

8. On or about July 29, 2013, Plaintiff filed an Application for Political Asylum (Form I-589) with Defendants.

9. Plaintiffs filed the relevant paperwork pursuant to the provisions of the Immigration and Nationality Act (INA).  An interview was conducted on the underlying merits of the application at the St. Louis Field Office on August 21, 2014 (**Exhibit B**).  The matter has now been pending for more than eight (8) years since filing, and for more than seven (7) years after interview.

10. Despite repeated attempts by Plaintiffs to secure adjudication (*see* **Group Exhibit C**), Defendants have not adjudicated the Application in more than eight years since it was filed.

11. Plaintiff's Application has not been adjudicated in more than eight years. The average processing time for the adjudication of Form I-589 is between 14 to 27 months – certainly, exceeding this period by nearly six years is manifestly unreasonable. Defendants have engaged in unlawful conduct by refusing to adjudicate Plaintiff's Application.

## PRAYER FOR RELIEF

Defendants willfully and unreasonably have delayed and have refused to adjudicate the Application for Political Asylum (Form I-589) filed on or about July 29, 2013.  Therefore, Plaintiff has been deprived of the right to have his filing adjudicated and to obtain that peace of mind to which Plaintiff is entitled under the Immigration and Nationality Act.  Defendants owe Plaintiff the duty to act upon the Application in question and they have unreasonably failed to perform that duty.  Plaintiff has exhausted any administrative remedies that may exist.

_____

WHEREFORE, Plaintiff prays that the Court:

(1) Accept and maintain continuing jurisdiction of this action;

(2) Compel Defendants and those acting under them to perform their duty to act upon the Application for Political Asylum (Form I-589) within the next sixty (60) days;

(3) Award Plaintiff the cost of this action, including fair and reasonable attorney's fees as provided in the Equal Access to Justice Act; and

(4) Grant such other and further relief this Court deems proper under the circumstances.

Respectfully submitted,

/s/ Timothy E. Wichmer

_____

Timothy E. Wichmer
Wichmer & Groneck, LLC
230 South Bemiston, Suite 640
St. Louis, MO 63105
314-863-1212
314-727-2882 fax
Attorney for Plaintiffs